Helen FOJUT and Bruce Fojut, Plaintiffs-Appellants,

v.

Adolf STAFL , M.D., Medical College of Wisconsin, and Wisconsin Patients Compensation Fund, Defendants-Respondents,

MILWAUKEE COUNTY MEDICAL COMPLEX, ABC Insurance Company, and DEF Insurance Company, Defendants.

Court of Appeals

*No. 96–1676. Submitted on briefs May 6, 1997.—Decided August 12, 1997.*

(Also reported in 569 N.W.2d 737.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *O'Connor & Willems, S.C.* by *Robert I. DuMez* of Kenosha.

On behalf of the defendants-respondents Adolf Stafl, M.D. and Medical College of Wisconsin, the cause was submitted on the brief of *Hinshaw & Culbertson* by *Michael J. Pfau* of Milwaukee.

On behalf of the defendant-respondent Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *Schellinger & Doyle, S.C.* by *James M. Fergal* and *Linda V. Meagher* of Brookfield.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J.  Helen and Bruce Fojut appeal from judgments entered dismissing their complaint against Adolf Stafl, M.D., the Medical College of Wisconsin and the Wisconsin Patients Compensation Fund. The Fojuts argue that the trial court erred in dismissing their claim on the basis that

it was barred by the statute of limitations. Because the trial court did not err, we affirm.

## I. BACKGROUND

On November 28, 1990, Helen underwent elective bilateral tubal ligation surgery, which Dr. Stafl supervised. Helen did so because she did not want to become pregnant. Sometime in March 1991, Helen became pregnant. On April 9, 1991, Helen missed her menstrual period. On April 24, 1991, Helen took a pregnancy test and discovered that she was pregnant. On April 22, 1994, the Fojuts filed their complaint alleging medical malpractice. The defendants moved to dismiss the complaint alleging that the statute of limitations had expired. The trial court granted the motion. The Fojuts now appeal.

## II. DISCUSSION

The Fojuts argue that the three year statute of limitations began to run from the date Helen discovered she was pregnant–April 24, 1991, and therefore, the complaint was timely filed. The defendants argue that the statute of limitations began to run either from the date of the tubal ligation or the date of conception, which made the Fojuts' complaint untimely. The trial court agreed with the defendants.

■ The issue in this case is when the Fojuts' cause of action accrued so as to commence the running of the statute of limitations. Deciding this issue involves interpretation of § 893.55(1), STATS., the statute of limitations applicable to medical malpractice cases. Interpretation of a statute to an undisputed set of facts is a question of law that we review independently. *See*

*Bitters v. Milcut, Inc.*, 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). Section 893.55(1) provides:

> [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

The parties concede that paragraph (a) is applicable to this case and that the cause of action accrued on the date of injury.[1] The disputed issue involves determining the date of the injury. The parties agree that the date of the alleged negligent act was the date the surgery was performed. However, the date of the negligent act and the date of the injury in medical malpractice cases are not always one and the same. *See Olson v. St. Croix Valley Mem'l Hosp., Inc.*, 55 Wis. 2d 628, 631–32, 201 N.W.2d 63, 64 (1972).

We must determine, therefore, when the injury occurred in this case. We conclude that the date of

---

[1] The Fojuts cannot rely on paragraph (b) because it is undisputed that the lawsuit was filed more than one year from the date of discovery.

injury was the day Helen became pregnant, which was sometime in March 1991. Accordingly, Helen had three years—until March 1994—to file a timely action. Because she did not file this suit until April 1994, the action was barred by the statute of limitations and properly dismissed.

In reaching this conclusion, we reject the defendants' contention that the date of injury was the date of the surgery. This argument was based on the *Olson* case. In that case, the Rh negative plaintiff erroneously received a transfusion of Rh positive blood in 1962, which allegedly impaired the plaintiff's ability to bear children. *Id.* at 633, 201 N.W.2d at 64. After the plaintiff was unable to deliver a healthy child, she discovered that she had been given the wrong blood in 1962 and that the error had caused "the formation of some anti Rh antibodies" which ultimately caused the death of her children. *Id.* The *Olson* court held that the plaintiff's injury occurred at the time she received a blood transfusion in 1962, rather than in later years when her pregnancies were unsuccessful.

The *Olson* case, however, is distinguishable from the instant case. In *Olson,* the injury occurred on the date of the transfusion because the wrong blood immediately caused "injurious changes" to the plaintiff. *Id.* The same cannot be said with respect to Helen. There is no evidence that on the date the tubal ligation was performed that Helen suffered any physical injury. The purpose of the surgery was to render Helen infertile—to avoid pregnancy. There was no physical injurious change to Helen's body until she became pregnant. According to the record, this occurred sometime in March 1991. Using this date as the date of injury, Helen's claim was untimely because the complaint was not filed within three years.

831

Whether or not Helen sustained subsequent injuries after the date of conception is irrelevant. Arguably, Helen may have suffered additional injury on the date of missed menses, the date she discovered she was pregnant, the date of her abortion and the date of the second tubal ligation. Nonetheless, "[a] later injury from the same tortious act does not restart the running of the statute of limitations." *Segall v. Hurwitz*, 114 Wis. 2d 471, 482, 339 N.W.2d 333, 339 (Ct. App. 1983).

Based on the foregoing, the Fojuts' complaint was not filed within the statute of limitations and therefore was time barred. The trial court did not err in dismissing the complaint and we affirm the judgments.

*By the Court.*—Judgments affirmed.