UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 11, 2006[*]
Decided November 8, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1446

| | |
|---|---|
| TERRY MILES,<br>    *Plaintiff-Appellant,*<br><br>    v.<br><br>TREMPEALEAU COUNTY, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 05 C 640<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Terry Miles, a pro se litigant, sued various state defendants for violating his right to due process and equal protection in retaliation for his efforts to expose the sexual misconduct of Daniel Wineski, a police officer for the city of Whitehall, Wisconsin. The district court dismissed the complaint with prejudice, concluding that Miles failed to file a proper claim within the statute of limitations. We affirm.

We begin by recounting the facts of Miles's crusade to expose Wineski's misconduct as he tells them, drawing all inferences in his favor. *See Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). In 1988 or 1989, Miles became aware

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

that Officer Wineski had a history of sexually assaulting young women in the Whitehall community without any repercussions and he tried to alert the media. Miles stopped his efforts in 1992 after a police informant threatened him with a false drug charge and allegedly a friend of his had been sent to prison on false charges. In October 1999 Miles reported a burglary of his home to the Whitehall police only to have his version of the chain of events turned upside down: the investigating officer prepared a police report that was entitled "domestic trouble;" identified the victim as a person whom Miles suspected to have committed the burglary; and included facts that the officer knew were false, all of which led to a domestic violence restraining order being issued against Miles.

From 2001 to 2004, Miles continued to pursue the investigation of the 1999 burglary and resumed his efforts to publicize Wineski's misconduct. To expose Wineski's wrongdoings, Miles contacted everyone from the FBI to the media. In response, Sheriff Randall Niederkorn of Trempealeau County, a defendant in this case, informed reporters that Miles was "not mentally well," and threatened him with tickets, arrests and civil action if he continued his efforts. Miles's efforts eventually led to Wineski's conviction for sexual assault in November 2004.

Miles filed this complaint in November 2005, alleging that Trempealeau County, its insurer, a state judge, certain Whitehall police officers, the Trempealeau County sheriff and deputy sheriffs, and district attorneys violated his constitutional rights by failing to investigate the October 1999 burglary. Miles separately moved the district court to estop the defendants from raising the statute of limitations as a defense because they prevented him from brining this action by "lying to the plaintiff, concealing facts, [and] denying public records."

The district court dismissed his complaint. Initially, the court dismissed the claims against the district attorneys and judge based on prosecutorial and judicial immunity. Thereafter, the court deemed that Miles had failed to state a claim against the remaining defendants, and further that any claims based on allegations relating to events before 1999 were barred by Wisconsin's six-year statute of limitations. The court also determined the Miles failed to present any meritorious reasons to toll the statute of limitations, and thus denied his motion.

On appeal, Miles focuses on events after 1999 and argues that the district court erred when determining that he had failed to state a due process or equal protection claim within the statute of limitations. In particular, Miles notes that the police and deputy sheriffs continued to stymie his burglary investigation from 2001 to 2004.

While 42 U.S.C. § 1983 does not contain an express statute of limitations, a federal court must adopt the forum state's limitation period for personal injury

claims and the correct statute of limitations for claims filed in Wisconsin is six years, as set forth in Wis. Stat. § 893.53. *See Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). A claim begins accruing from the date the plaintiff knew or should have known that he sustained an injury, *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com.*, 377 F.3d 682, 688 (7th Cir. 2004), and "a later injury from the same tortious act does not restart the running of the statute." *Fojut v. Stafl*, 569 N.W.2d. 737, 739 (Wis. Ct. App. 1997) (quotations and citations omitted).

The district court properly dismissed the equal protection and due process claims on statute of limitations grounds. Miles bases these claims on the uninvestigated burglary–claims that began to accrue on the date that Miles knew or should have known that the burglary would remain uninvestigated. He alleged that he knew that the "burglary would never get to court" as soon as the police officer filed that false report in October 1999, and consequently the window of time during the period he could have challenged the burglary investigation lapsed in the month of October 2005.

Miles argues that the district court erred when it dismissed his remaining claims based on facts he alleged in his complaint that occurred after October 1999. These facts include Sheriff Niederkorn's threats to arrest Miles and his statement to reporters that Miles was "not mentally well." Under the Federal Rules of Civil Procedure, a plaintiff must provide a "short and plain statement of his claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(b)(2). The complaint must put the defendant on notice of the claims and the grounds they rest upon, along with "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). While it is true that a district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter," *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001), we have emphasized that this rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). We have also noted that "dismissal of a complaint on the grounds that it is unintelligible is unexceptionable." *Davis*, 269 F.3d at 820.

Miles's rambling complaint is 28 pages long and does not reflect the dates many of the alleged events occurred. While Miles alleged some facts that fall within the statute of limitations, the complaint is so convoluted that it could not have alerted the defendants to the matter contested. The district court dismissed much of Miles's complaint for failing to state a claim, but we affirm the dismissal on the alternative ground that the complaint failed to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.

AFFIRMED