*374 ANN WALSH BRADLEY, J.
f 29. (dissenting). I agree with the majority that in this case "we cannot hold as a matter of law that no claim exists under medical malpractice law." Majority op., ¶ 5. The majority is correct that the Does' allegations against Dr. Van de Loo constitute actionable medical malpractice claims because the alleged conduct was part of the Does' medical treatment during their annual examinations. Majority op., ¶ 4.
f 30. Additionally, I agree that "the John BBB Doe discovery-rule holding is not pertinent to our analysis" because the Does are not making a discovery-rule argument. Majority op., ¶ 26 (citing John BBB Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 565 N.W.2d 94 (1997)). Like the majority, I also am "not convinced that John BBB Doe should apply to a medical malpractice case." Majority op. n.12.
f 31. I write separately, however, because I disagree with the conclusion that the Does' claims for medical malpractice are time-barred by the three-year medical malpractice statute of limitations. Majority op., ¶ 6. The majority opinion suffers from two analytical missteps:
(1) It muddles Wisconsin's medical malpractice jurisprudence by failing to distinguish between cases in which injury and negligence occurred simultaneously and those in which the injury occurred after the negligence. As a result it erroneously concludes that the Does' injuries occurred at the same time as the allegedly negligent medical examinations; and
*375 (2) It conflates the statute of repose under Wis. Stat. § 893.55(lm)(b) with the statute of limitations for the Does' claims pursuant to Wis. Stat. § 893.55(lm)(a), thereby judicially creating a statute of repose that contravenes the plain language of the statute and our case law.
¶ 32. Contrary to the majority, I conclude that the Does' injuries did not occur simultaneously with the alleged negligence. Their claims accrued when they suffered severe emotional distress upon learning that they were the victims of child sexual assaults perpetrated by Dr. Van de Loo during their physical examinations. Thus, the Does' claims are not time-barred by the medical malpractice statute of limitations because the Does filed their claims within three years of the date they accrued. Accordingly, I respectfully dissent.
i — 1
f 33. At issue in this case is whether the Does claims accrued at the time of Dr. Van de Loo's allegedly negligent genital examinations or whether they accrued when the Does suffered severe emotional distress upon learning that they were the victims of child sexual assault.
f 34. The Does allege that Dr. Van de Loo committed medical malpractice when he sexually assaulted them under the guise of a genital examination. They were children at the time, as young as eight and ten years old, when Dr. Van de Loo performed some of the examinations. Accordingly, they assert that they did not immediately understand that Dr. Van de Loo's conduct constituted sexual assault.
¶ 35. Rather, the Does contend that they realized Dr. Van de Loo's examinations were improper years *376 later after learning that he had been criminally charged with sexual assault for conducting a sexually gratifying genital examination on another minor patient. The complaint against Dr. Van De Loo alleges they suffered physical injury in the form of severe emotional distress, including depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life, upon learning that they had been sexually assaulted by their trusted physician.[1]
¶ 36. The Does bring their medical malpractice claims against Dr. Van de Loo pursuant to Wis. Stat. § 893.55(lm)(a), which provides for a three-year statute of limitations from the date of the injury. Although the Does filed medical malpractice claims against Dr. Van de Loo more than three years after the date of their last examinations, they allege that their claims were filed within three years of the date they suffered alleged physical injury in the form of severe emotional distress.
f 37. Wisconsin's medical malpractice law provides for two alternative statutes of limitations de *377 pending on whether the plaintiff brings a claim under Wis. Stat. § 893.55(lm)(a) or (b). The former provides a three-year statute of limitations with no statute of repose and the latter sets forth Wisconsin's discovery of injury rule with a five-year statute of repose:
[A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
(a) Three years from the date of the injury, or
(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.
Wis. Stat. § 893.55 (lm).
¶ 38. In this case, the Does do not allege that they discovered an existing injury years after it occurred. Consequently, they do not pursue a "discovery" claim under Wis. Stat. § 893.55(lm)(b). Rather, the Does assert that they did not suffer physical injury until they experienced severe emotional distress upon learning that they were victims of child sexual assault perpetrated by Dr. Van de Loo during their genital examinations.
II
f 39. The majority muddles Wisconsin's medical malpractice jurisprudence by failing to distinguish between cases in which injury and negligence occur simultaneously and those in which injury occurs after *378 the negligent act, enabling it to assert that the Does' injuries occurred at the same time as the allegedly negligent medical examinations.
¶ 40. According to the majority, "Wisconsin case law has over time developed a consistent test for determining the date of injury in medical malpractice claims under Wis. Stat. § 893.55(lm)(a): it is the date of the 'physical injurious change.' " Majority op., ¶ 17 (quoting Estate of Genrich v. OHIC Ins. Co., 2009 WI 67, ¶ 17, 318 Wis. 2d 553, 769 N.W.2d 481). The majority concludes that "the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the only moment at which a 'physically injurious' change occurred." Majority op., f 6.
¶ 41. Given the nature of the Does' claims, the application of the Genrich test appears to be an odd fit here. Even assuming that Genrich's physically injurious change test properly fits, its application merely begs the question: when did the Does' suffer a physical injurious change?
¶ 42. The majority conclusively states that touching constitutes a physically injurious change. Majority op., ¶ 19. But what's the change? The majority doesn't tell us.
f 43. Describing a touching as constituting a physical injurious change seems at odds also with common parlance. Does it make sense to state as a matter of law that when there is a touching a physical injurious change occurs? I don't think so.
¶ 44. It also does not make sense as a matter of good policy. Will future cases deem a claim to be sufficiently stated if together with a negligent act all that need be alleged is that one was touched on the arm or the leg or some part of the torso? Where is the stopping point?
*379 f 45. Without giving the reader a clue about what changed or how it changed, the majority relies solely on a federal district court decision for its conclusion that the physically injurious change the plaintiff suffered occurred simultaneously to the allegedly negligent examination. Majority op., f 18 (citing Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 996 (W.D. Wis. 2015). Although this court benefits from the analysis of a federal district court's interpretation of State law, it is not binding authority. The majority's reliance on a sole federal district court decision is not an adequate substitute for its failure to apply the facts of this case to established Wisconsin precedent.
¶ 46. Because the majority completely fails to do so, I will first set forth the case law relevant to the Does' claims. Under Wisconsin law, " [a] tort claim is not capable of enforcement until both a negligent act and an accompanying injury have occurred." Paul v. Skemp, 2001 WI 42, ¶ 20, 242 Wis. 2d 507, 625 N.W.2d 860 (quoting Hansen v. A.H. Robins Inc., 113 Wis. 2d 550, 554, 335 N.W.2d 578 (1983). Thus, it is not the negligence, but the injury resulting from the negligent act that begins the three-year statute of limitations period. Id.
¶ 47. In Fojut v. Stafl, 212 Wis. 2d 827, 829, 569 N.W.2d 737 (Ct. App. 1997), the plaintiff underwent elective tubal litigation surgery in order to prevent pregnancy, but then became pregnant a few months later. At issue was whether Fojut suffered physical injury on the date of the surgery, which the parties agreed was the date of the alleged negligent act, or the later date of conception. Id. at 829-30.
¶ 48. Fojut concluded that the date of the injury triggering the three-year medical malpractice statute *380 of limitations was the date of conception, rather than the date of the surgery. Id. at 830-31. The Fojut court explained that there was no evidence that the plaintiff suffered physical injury on the date the surgery was performed. Id. at 831. Instead, it determined that Fojut suffered physical injury on the date she became pregnant. Id. Thus, the three-year medical malpractice statute of limitations began to run from the later date of conception, rather than the date of the alleged negligent act. Id.
¶ 49. Similarly, in Paul, the plaintiffs claimed that the misdiagnosis of the cause of their daughter's' recurring headaches resulted in a ruptured blood vessel in her brain, which caused her death. 242 Wis. 2d 507, ¶ 1. This court concluded that " [t]he Pauls' claim for medical malpractice did not, and could not, accrue until [their daughter] suffered an injury." Id., ¶ 2. The Paul court explained that " [a] misdiagnosis may be a negligent omission, but it is not, in and of itself, an injury." Id.
¶ 50. Based on the plain language of Wis. Stat. § 893.55(1), Paul concluded that the legislature did not intend that "omission" and "injury" should be conflated. Id., ¶ 20. According to the Paul court, "[t]he plain language of Wis. Stat. § 893.55(l)(a) indicates that it is not the negligence, but the injury resulting from the negligent act or omission which initiates the limitations period."[2] Id. Paul explained that "[a]s our *381 long-time precedent has established, the negligence and its result — and injury — should be considered separately. The negligence must cause an injury before there is an accrual of a claim." Id,., ¶ 34 (citing Meracle v. Children's Serv. Soc'y, 149 Wis. 2d 19, 26, 437 N.W.2d 532 (1989)).
¶ 51. In contrast, in Genrich, the alleged negligence occurred when doctors left a sponge in Genrich's abdominal cavity after performing surgery. 318 Wis. 2d 553, ¶ 3. However, the surgical sponge in Genrich's abdomen was not discovered until approximately two weeks after the surgery when he developed a fatal infection. Id. This court concluded that Genrich experienced an injury triggering the statute of limitations when the doctors left the sponge in his abdomen on the date of the surgery. Id., ¶ 18. Thus, in Genrich, the negligence and the injury occurred simultaneously.
¶ 52. The Does' claims are more analogous to Fojut and Paul, than to Genrich. They do not allege that they were physically injured at the time of the examination. Instead, the Does argue that they were physically injured when they suffered severe emotional distress upon learning that they had been sexually assaulted by Dr. Van de Loo. As the Does' counsel explained at oral argument, there are no allegations in the complaint that the Does were physically different after Dr. Van de Loo's examination.
¶ 53. Despite the fact that the majority fails to apply the facts of this case to the law set forth in Wisconsin precedent, the majority summarily asserts that " [t]o hold otherwise runs contrary to existing case law. . . ." Majority op., ¶ 19. After applying the facts of this case to Wisconsin's well-established case law, I reach the opposite conclusion of the majority and *382 determine that the Does' claims did not accrue until they suffered severe emotional distress upon learning that they were victims of child sexual assault perpetrated by Dr. Van de Loo during their physical examinations.
I — I I — I I — I
¶ 54. Not only does the majority muddle Wisconsin case law, its analysis of the statute of limitations conflates the statute of repose under Wis. Stat. § 893.55(lm)(b) with the statute of limitations for the Does' claims pursuant to Wis. Stat. § 893.55(lm)(a), thereby judicially creating a statute of repose that contravenes the plain language of the statute and our case law.
¶ 55. The plain language of Wis. Stat. § 893.55(lm)(b) sets forth the one-year discovery statute of limitations together with a five-year statute of repose for plaintiffs who allege that they did not discover their injury at the time the negligence occurred:
One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.
¶ 56. In contrast, under Wis. Stat. § 893.55(lm)(a), there plainly is a three-year statute of limitations but no statute of repose. Storm v. Legion Ins. Co.,2003 WI 120, ¶ 19, 265 Wis. 2d 169, 665 N.W.2d 353 ("We conclude under a plain reading of § 893.55(l)(b) that the five-year repose period applies only to actions brought pursuant to the discovery rule *383 in paragraph (b)); Forbes v. Stoeckl, 2007 WI App 151, ¶ 1, 303 Wis. 2d 425, 735 N.W.2d 536 (five-year statute of repose under Wis. Stat. § 893.55(lm)(b) does not apply to accrual claims brought under Wis. Stat. § 893.55(lm)(a)).[3]
¶ 57. The majority's discussion conflates the three-year statute of limitations applicable to the Does' claims with the five-year statute of repose applicable to discovery rule claims. It contends that "[s]ometimes Wis. Stat. § 893.55 expires before a patient knows an injury occurred . . ." Majority op., ¶ 20. According to the majority, " [e]xpiration of the medical malpractice statute of limitations before a patient knows about the injury is unfortunately a consequence of the legislature's policy reasons for enacting the medical malpractice statue of limitations." Majority op., ¶ 20. How *384 ever, the issue in this case is not whether the Does knew about their injuries, but when they were injured.
¶ 58. As set forth above, the Does argue that they were not injured and that therefore their claims did not accrue until they suffered severe emotional distress upon learning that they had been victimized as children by the sexual assaults perpetrated by Dr. Loo. This is distinguishable from a claim brought under Wis. Stat. § 893.55(lm)(b), in which a plaintiff may bring a claim if an injury is not discovered at the time it occurs.
¶ 59. The majority acknowledges that "[t]he Does are not arguing that the news reports caused them to discover that they had been injured during the genital examinations; rather, they are asserting that no injury had occurred, and therefore, their claims did not accrue, until they learned that Dr. Van de Loo's conduct during the genital examinations might have involved a criminal sexual assault." Majority op., ¶ 1 (emphasis in original); see also Majority op., ¶ 11 n.8 ("The Does use the term 'discover' not in the sense that they discovered that Dr. Van de Loo had injured them when he touched their genitals, but to argue that the October 2012 news about Dr. Van de Loo caused the actual injury.") (emphasis in original).
¶ 60. Not only does the majority's analysis contravene the plain language of Wis. Stat. § 893.55, it also contravenes Wisconsin case law by failing to distinguish between cases addressing the discovery rule's statute of repose and cases addressing accrual claims such as the Does. Relying on Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund, 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, the majority asserts that "the legislature may sever a person's claim by a statute of limitations or a statute of repose *385 when the person has had no possibility of discovering the injury. . Majority op., ¶ 20 (citing Aicher, 237 Wis. 2d 99, ¶ 50). Remarkably, the majority fails to acknowledge that Aicher addressed a discovery claim brought under Wis. Stat. § 893.55(lm)(b), not an accrual claim like the Does' claims brought under Wis. Stat. § 893.55(lm)(a).
¶ 61. In contrast to the Does' case, the plaintiff in Aicher alleged that she became blind in her right eye as a result of medical negligence that occurred during her newborn examination, but that she did not discover the condition until a decade later. 237 Wis. 2d 99, ¶ 2. Aicher is also distinguishable from this case because the parties did not dispute that the condition resulted in an injury during the first six months of Aicher's life. Id.
¶ 62. The majority further asserts that "[t]he fact the Does may not have known at the time that the touching was allegedly inappropriate or that the manipulation of their genitals constituted the physical injurious change does not change this fact." Majority op., ¶ 20 (citing Fojut, 212 Wis. 2d at 831-32 for the proposition that "physical injurious change from negligent tubal ligation was moment of conception, a date the patient could not have known."). Again, the majority conflates the accrual rule set forth in Fojut, with the discovery rule set forth under Wis. Stat. § 893.55(lm)(a).
¶ 63. Neither Fojut nor Paul limit the time period within which a medical malpractice claim might accrue, yet the majority contends the opposite, thereby judicially creating a statute of repose for accrual claims. Although the plaintiff in Fojut became pregnant a few months after her surgery, it is just as possible that she could have become pregnant years *386 later. Likewise, in Paul, the failure to diagnose the patient's condition began nearly a decade before she passed away. 242 Wis. 2d 507, ¶ 3-4. This was a much longer period of time than the few years at issue in this case, yet the Paul court found that the plaintiffs claim did not accrue until she suffered actual physical injury. Id., ¶ 2.
¶ 64. As the Does' counsel aptly stated at oral argument, the legislature could have chosen to enact a statute of repose that applied to Wis. Stat. § 893.55(lm)(a), but it chose not to do so. Unlike the majority, I refuse to endorse a judicially created statute of repose that contravenes the plain language of the statute and well-established Wisconsin case law.
¶ 65. In sum, I conclude that the Does' injuries did not occur simultaneously with the alleged negligence. Their claims accrued when they suffered severe emotional distress upon learning that they were the victims of child sexual assaults perpetrated by Dr. Van de Loo during their physical examinations. Thus, the Does' claims are not time-barred by the medical malpractice statute of limitations because the Does' filed their claims within three years of the date they accrued. Accordingly, I respectfully dissent.
¶ 66. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.

 The majority acknowledges that the Does' suffered "psychological injuries," but asserts that their severe emotional distress constituted a subsequent injury to the "inappropriate touching." Majority op., ¶ 24; see also Bowen v. Lumbermens Mut. Cas. Co., 183 Wis. 2d 627, 632, 517 N.W.2d 432 (1994) (" [I]n a cause of action for negligent infliction of emotional distress the injury a plaintiff must prove is severe emotional distress; but the plaintiff need not prove physical manifestation of that distress."); see also Camp ex rel. Peterson v. Anderson, 2006 WI App 170, ¶ 21, 295 Wis. 2d 714, 721 N.W.2d 146 (Bowen recognizes direct claims for negligent infliction of emotional distress, as long as a plaintiffs claim satisfies the elements of negligent conduct, causation and injury (severe emotional distress) and is not otherwise barred by public policy.").

 The majority attempts to explain away the import of Paul v. Skemp, 2001 WI 42, ¶ 20, 242 Wis. 2d 507, 625 N.W.2d 860. Majority op., ¶ 28 n.14. Yet, there is no explaining away Paul's clear conclusion cited above, which explicitly applies to both "negligent acts or omissions." Thus, the majority's attempt to distinguish Paul as a case addressing only an "omission" is a non-starter.

 The majority embraces a two-pronged approach in an attempt to rebut the assertion that it is judicially creating a statute of repose that contravenes case law. Both prongs fail.
First, the majority attempts to discredit clear Wisconsin Supreme Court precedent by labeling its conclusion as "dicta." Majority op., ¶ 28 n.14. As the court of last resort in this state, our conclusions cannot be dicta. State v. Picotte, 2003 WI 42, ¶ 61, 261 Wis. 2d 249, 661 N.W.2d 381; State v. Kruse, 101 Wis. 2d 387, 392, 305 N.W.2d 85 (1981); Chase v. American Cartage Co., 176 Wis. 235, 238, 186 N.W. 598 (1922) ("[Wlhen a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a dictum, but is a judicial act of the court which it will thereafter recognize as a binding decision.").
Second, noting that the parties did not raise a statute of repose issue, the majority takes the dissent to task for discussing it. Admittedly, the parties did not raise a statute of repose issue — but the discussion and analysis of the majority opinion most certainly did. See, e.g., majority op., ¶ 20. Accordingly, I respond to that discussion and analysis.