COURT OF APPEALS
DECISION
DATED AND FILED

August 21, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1897**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV52

IN COURT OF APPEALS
DISTRICT IV

SANDRA J. WENDT AND JAKE KELENY,

    PLAINTIFFS-APPELLANTS,

  V.

ELANA B. WISTROM, DO, MERCY HEALTH SYSTEM CORPORATION, AND THE INJURED PATIENTS AND FAMILIES COMPENSATION FUND,

    DEFENDANTS-RESPONDENTS.

---

        APPEAL from an order of the circuit court for Rock County: ASHLEY J. MORSE, Judge. *Affirmed*.

        Before Graham, P.J., Blanchard, and Taylor, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Sandra J. Wendt and Jake Keleny appeal an order dismissing their medical malpractice action against Elana B. Wistrom, D.O., Mercy Health System Corporation ("Mercy Health"), and the Injured Patients and Families Fund ("the Fund") (collectively referred to as "the respondents") because it is barred by the statute of limitations.[1] On appeal, Wendt argues that the statute of limitations did not expire prior to the filing of this action because a previous 2023 action ("the 2023 action")—which was dismissed without prejudice—tolled the statute of limitations or that the injury at issue occurred on October 9, 2020, when a CAT scan ("CT scan") revealed a surgical instrument inside of Wendt's abdomen, making this action timely filed. In the alternative, Wendt argues that the respondents should be equitably estopped from raising the statute of limitations as a defense.

¶2 We conclude that the statute of limitations bars Wendt's medical malpractice action because the 2023 action did not toll the statute of limitations and the date of Wendt's injury was September 4, 2020, the date on which the surgical instrument was left inside Wendt's abdomen, which commenced the statute of limitations period. We also reject Wendt's equitable estoppel argument because it was not raised in the circuit court proceedings. Accordingly, we affirm.

**BACKGROUND**

¶3 There is no dispute about the following material facts as established in the parties' submissions in the circuit court on the respondents' motions to dismiss.

---

[1] Because Keleny's claim is derivative of Wendt's claims, we will refer to the appellants as "Wendt" throughout the remainder of this opinion unless otherwise noted.

¶4 On September 4, 2020, Wistrom and Mercy Health staff performed a Cesarean section ("C-section") to deliver Wendt's and Keleny's baby at Mercy Janesville Hospital. There were no complications during the procedure and Wendt and the baby were discharged a few days later. On October 9, 2020, Wendt returned to the hospital with abdominal pain, and a CT scan revealed that a hemostat, a surgical instrument used during Wendt's C-section, had been left in Wendt's lower abdomen. Wendt underwent a laparotomy surgery to remove the hemostat, as well as a portion of her bowel that was damaged by the hemostat.

¶5 On September 19, 2022, Wendt filed a request for medical mediation with Wistrom and Mercy Health, consistent with WIS. STAT. § 655.44(2) (2023-24).[2] The mediation period expired before the parties reached an agreement on a mediation date, and Wistrom declined to extend the mediation period.

¶6 On January 24, 2023, following the expiration of the mediation period, Wendt filed the 2023 action, alleging negligence against Wistrom and Mercy Health stemming from the C-section. Keleny asserted a derivative loss of society and companionship claim. The Fund was also named as a defendant for the collection of damages in excess of the limits for medical malpractice claims set forth in WIS. STAT. § 655.23(4).

¶7 In May 2023, Wistrom and Mercy Health filed a motion to dismiss the action for lack of proper service, alleging that Wendt improperly served an individual who was not authorized to accept service for Wistrom or for Mercy Health. Wendt opposed the motion to dismiss, and the circuit court scheduled a

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

hearing on the motion. Wendt made no further attempts to serve either party with the 2023 action.

¶8      Scheduling conflicts of both plaintiff and defense counsel delayed the hearing on the motion to dismiss until November 2023. After the hearing, the circuit court issued an oral decision in December 2023, concluding that Wistrom and Mercy Health had not been properly served, and dismissing Wendt's action without prejudice.[3]  On January 3, 2024, the court signed a written order dismissing the 2023 action.

¶9      On January 17, 2024, Wendt filed this action, naming the same defendants and alleging the same claims as in the 2023 action. In their responses to the complaint, the respondents alleged that the claims were barred by the statute of limitations. The respondents filed motions to dismiss on this basis, with the Fund additionally arguing that Wendt could not maintain an independent action against the Fund if the other two defendants were no longer in the case.

¶10     The circuit court granted the motions to dismiss, concluding that the statute of limitations bars Wendt's action. The court made the following pertinent findings: Wendt's 2023 action did not toll the statute of limitations because it was not properly served and therefore did not result in the "commencement" of an action; for purposes of calculating the statute of limitations, the date of Wendt's injury was September 4, 2020, when the hemostat was left in her abdomen; and

---

[3] On appeal, the Fund also argues that it was dismissed from the 2023 action *with prejudice* and that claim preclusion bars Wendt's current action against the Fund. Our conclusion that the statute of limitations had expired by the time the present action was filed is dispositive, so we do not address the Fund's additional argument. *See Lamar Cent. Outdoor, LLC v. DHA*, 2019 WI 109, ¶41, 389 Wis. 2d 486, 936 N.W.2d 573 ("An appellate court need not address every issue raised by the parties when one issue is dispositive." (citation omitted)).

the statute of limitations on Wendt's action expired on January 2, 2024.[4]   The court dismissed Wendt's action as time barred by the statute of limitations.  Wendt appeals.[5]

## DISCUSSION

¶11     Wendt alleges that this action was timely filed and that the circuit court committed error when it granted the respondents' motions to dismiss.  Specifically, Wendt alleges that this action was timely either because the 2023 action met the requirements in WIS. STAT. § 893.13, which tolled the statute of limitations for 358 days, or because her date of injury, which commenced the statute of limitations period, was October 9, 2020, when she returned to the hospital with abdominal pain and the hemostat was discovered rather than on September 4, 2020, when the hemostat was left in her abdomen.  Under either scenario, Wendt asserts that this action was timely filed.  In the alternative, Wendt argues that the respondents should be equitably estopped from asserting a statute of limitations defense.

---

[4] The statute of limitations was tolled during the mediation period from September 16, 2022, until January 13, 2023 (30 days after the expiration of the mediation period as set forth in WIS. STAT. § 655.44(4)).  This tolled the statute of limitations for 120 days from the original September 4, 2023 expiration date until January 2, 2024.  Neither party disputes that the statute of limitations period was properly tolled for 120 days because of the mediation period.

[5] The appellant's brief and all of the parties' appendices do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  This rule has recently been amended, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for efiling.  The pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief.  Supreme Court Note, 2021, RULE 809.19.

¶12     We conclude the circuit court did not err when it granted respondents' motions to dismiss and that Wendt forfeited the equitable estoppel argument by raising it for the first time on appeal.

## I.  Standard of Review

¶13     This case involves the review of a circuit court's resolution of a motion to dismiss, which presents an issue of law that we review independently.[6] ***Doe 56 v. Mayo Clinic Health Sys.—Eau Claire Clinic, Inc.***, 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681.  To determine whether a lawsuit was timely filed requires us to interpret and apply WIS. STAT. § 893.55(1m)(a).  ***Id.***, ¶14; ***Fojut v. Stafl***, 212 Wis. 2d 827, 829, 569 N.W.2d 737 (Ct. App. 1997).  The interpretation and application of a statute to an undisputed set of facts are issues of law that we review de novo.  ***Doe 56***, 369 Wis. 2d 351, ¶14; ***Fojut***, 212 Wis. 2d at 829.

## II.  The 2023 action did not toll the statute of limitations.

¶14     Wendt argues that the filing of the 2023 action tolled the statute of limitations until the circuit court's final written order of dismissal on January 3, 2024.  We disagree and conclude that, because Wendt did not properly serve

---

[6] When a party moves to dismiss a complaint because of an allegation that the statute of limitations has expired, "the motion shall be treated as one for summary judgment."  WIS. STAT. § 802.06(2)(b); *see **Alliance Laundry Systems LLC v. Stroh Die Casting Co., Inc.***, 2008 WI App 180, ¶18, 315 Wis. 2d 143, 763 N.W.2d 167 (§ 802.06(2)(b) allows a circuit court to convert a motion to dismiss to one for summary judgment even when the defendant has not yet filed an answer).  Neither the record in this case nor the parties' briefs indicate that the court treated the respondents' motions to dismiss as motions for summary judgment, and we will follow this lead.  Even if the court had treated the motions to dismiss as motions for summary judgment, our review would still be de novo.  ***Blunt v. Medtronic, Inc.***, 2009 WI 16, ¶13, 315 Wis. 2d 612, 760 N.W.2d 396 (citing ***Acuity v. Bagadia***, 2008 WI 62, ¶12, 310 Wis. 2d 197, 750 N.W.2d 817).

Wistrom or Mercy Health with the summons and complaint in the 2023 action, the 2023 action was not commenced as required for tolling under WIS. STAT. § 893.13.

¶15    "A law limiting the time for the commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies." WIS. STAT. § 893.13(2). The commencement of an action is generally defined as "the time at which judicial or administrative proceedings begin, typically with the filing of a formal complaint." *Commencement of an Action,* Black's Law Dictionary (12th ed. 2024). However, in Wisconsin, the "commencement" of an action requires both the filing of the summons and complaint with the circuit court and the service of the authenticated summons and complaint on the named defendant within 90 days. *See* WIS. STAT. § 893.02 ("[*N*]*o action shall be deemed commenced* as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 90 days after filing." (emphasis added)); *see also* WIS. STAT. § 801.02(1) (commencement is contingent on service of authenticated summons and complaint upon the defendant within 90 days after filing). When an action is not commenced in accordance with these statutory requirements, the action does not toll the statute of limitations. *See Colby v. Columbia Cnty.*, 202 Wis. 2d 342, 362, 550 N.W.2d 124 (1996) (a prematurely filed lawsuit under WIS. STAT. § 893.80 meant the action was not commenced and did not toll the statute of limitations); *see also Hester v. Williams*, 117 Wis. 2d 634, 640, 345 N.W.2d 426 (1984) (personal service did not commence an action when the plaintiff failed to file the summons and complaint with the court).

¶16    Here, because Wendt never properly served the 2023 action, that action was never commenced in accordance with statutory requirements. Wendt

filed the summons and complaint in the 2023 action on January 24, 2023, and thereafter had 90 days to serve each defendant named with authenticated copies of the summons and complaint in order to properly commence the 2023 action. *See* WIS. STAT. §§ 893.02, 801.02(1). Wendt failed to properly serve Wistrom and Mercy Health because the individual served was not authorized to accept service on behalf of these defendants. Wendt's failure to properly serve Wistrom or Mercy Health as required by § 801.02(1) prevents the 2023 action from meeting the requirements for the commencement of an action.

¶17 Wendt points out that this court has made the broad statement that "[u]nder the plain language of the first sentence of WIS. STAT. § 893.13(2), the statute of limitations is tolled for every cause of action when an action is filed." *Johnson v. County of Crawford*, 195 Wis. 2d 374, 380, 536 N.W.2d 167 (Ct. App. 1995). *Johnson* did not purport to address the issue here and is distinguishable in material ways from this case. The discussion in *Johnson* focused on the procedural timeline of the tolling period and whether a voluntary dismissal of the first lawsuit tolled the statute of limitations for the second identical lawsuit, not whether the first lawsuit had been properly commenced. *Id.* at 378-80. Because the factual and procedural postures of *Johnson* are distinguishable from Wendt's case, *Johnson* does not support Wendt's argument.

¶18 Wendt also argues that requiring both the filing of a lawsuit and service upon the defendants renders WIS. STAT. § 893.13 meaningless. We disagree. An action that is filed with the circuit court and properly served on a defendant in accordance with WIS. STAT. § 801.02(1) would toll the statute of limitations from the date of filing. Further, allowing the filing of a lawsuit by itself to toll the statute of limitations would be contrary to the use of the word "commencement" in § 893.13(2) and render it meaningless. Statutory language is

8

read to give effect to every word where possible. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110. If the legislature wanted to require only the filing of a lawsuit to commence an action, § 893.13(2) would use the word "filing" in place of the word "commencement."

¶19 Wendt also argues that applying the statute of limitations on these facts rendered it impossible for Wendt to avoid the statute of limitations bar. This is inaccurate. Wistrom and Mercy Health filed their motion to dismiss the 2023 action more than six months before the statute of limitations expired, and the motion should have put Wendt on notice that Wistrom and Mercy Health were challenging service. Wendt had ample opportunity over the six months that followed to voluntarily dismiss the 2023 action without prejudice, pursuant to WIS. STAT. § 805.04(2), so that she could timely refile her claims. *See Dunn v. Fred A. Mikkelson, Inc.*, 88 Wis. 2d 369, 376-77, 276 N.W.2d 748 (1979) (§ 805.04(2) allows a plaintiff to move the court to dismiss the plaintiff's action not on the merits even after a defendant filed a responsive pleading or motion). While the statute of limitations period continued to run, Wendt chose to contest the respondents' allegations in their motions to dismiss that service had been improper.

¶20 In sum on this issue, we conclude that because Wendt failed to effectuate proper service of the 2023 action, she never commenced the 2023 action and the 2023 action did not toll the statute of limitations period applicable to Wendt's action.

## III. Wendt's injury occurred on September 4, 2020.

¶21 Wendt argues in the alternative that this action was properly filed because the date of injury which commenced the statute of limitations period was

9

October 9, 2020, when the hemostat was discovered in her abdomen. She argues that for this reason, after accounting for the undisputed 120-day tolling period for mediation, the statute of limitations for this action expired on February 9, 2024, rather than on January 2, 2024. We conclude, consistent with controlling precedent, that the date of injury was the date that the hemostat was left in Wendt's abdomen, September 4, 2020.

¶22 The parties agree that WIS. STAT. § 893.55(1m) is the applicable statute of limitations for these claims. Under § 893.55(1m), the claims accrue on the date that Wendt sustained an "injury," the determination of which was addressed by our state supreme court in *Estate of Genrich v. OHIC Ins. Co.*, 2009 WI 67, ¶11, 318 Wis. 2d 553, 769 N.W.2d 481. In *Genrich*, a medical sponge was left inside of a patient during a surgery to repair an ulcer. *Id.*, ¶3. The sponge caused an infection in the patient's abdominal cavity and he underwent surgery to remove the sponge. *Id.* Our supreme court held that the injury occurred on the date when the sponge was left inside the patient's abdomen. *Id.*, ¶20. The court rejected the argument that the date on which the infection was discovered was the date of injury, stating that "[i]t was the negligence during the first surgery that resulted in an infection-producing sponge being present in [the plaintiff's] abdomen." *Id.*, ¶19. The court concluded that the negligent act of leaving the sponge caused the "physical injurious change" experienced by the patient's body. *Id.*, ¶20 (citing *Paul v. Skemp*, 2001 WI 42, ¶25, 242 Wis. 2d 507, 625 N.W.2d 860).

¶23 The factual similarities between *Genrich* and Wendt's case are strong. During Wendt's C-section, the hemostat was left in her abdomen, and the hemostat caused physical damage to Wendt. Given the discussion in *Genrich*, we are obligated to conclude that leaving the hemostat in Wendt's abdomen was the

"physical injurious change" that established the date of her injury, which was on September 4, 2020, when the hemostat was left in her abdomen.

¶24 Wendt's attempts to distinguish *Genrich* are unpersuasive. First, Wendt argues that in *Genrich* neither the date of the surgery in which the sponge was left nor the date of the surgery to remove the sponge were within the statute of limitations period. Wendt provides no explanation about why this distinction is material to our analysis, and we decline to address Wendt's undeveloped argument. *See Associates Fin. Servs. Co. of Wis., Inc. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (a court may decline to consider conclusory and undeveloped arguments that are not adequately briefed).

¶25 Wendt also argues that we should conclude that the statements by our supreme court in *Genrich* regarding the injury date are dicta. We reject this argument because it is contrary to *Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶58, 324 Wis. 2d 325, 782 N.W.2d 682 ("the court of appeals may not dismiss a statement from an opinion by [the Wisconsin Supreme Court] by concluding that it is dictum").

¶26 In sum on this issue, we conclude that, because we are bound to follow *Genrich*, Wendt's injury occurred on September 4, 2020. The statute of limitations period began to accrue on that date and, applying the 120-day tolling period for mediation, expired on January 2, 2024.

### IV. Wendt forfeited the equitable estoppel argument.

¶27 Wendt also argues that the respondents should be equitably estopped from raising the statute of limitations as a defense. Because Wendt raises this

argument for the first time on appeal, we conclude that this argument was forfeited, and we will not consider it for the first time here.

¶28    "As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal." *State v. Dowdy*, 2012 WI 12, ¶5, 338 Wis. 2d 565, 808 N.W.2d 691.   Whether a claim is forfeited or adequately preserved for appeal is a question of law that this court reviews de novo. *State v. Corey J.G.*, 215 Wis. 2d 395, 405, 572 N.W.2d 845 (1998). "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court … generally will not be considered on appeal." *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. "The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court." *Id.*  Issues that are not raised before the circuit court are generally deemed forfeited. *Id.*, ¶11 & n.2.

¶29    Wendt asserts that equitable estoppel was raised during the circuit court proceedings when Wendt argued that granting the respondents' motions to dismiss was unjust.   Wendt fails to include any record cite to support this assertion. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (this court need not consider arguments unsupported by adequate factual assertions).   Further, we do not find any place in the circuit court record where Wendt alleged inequitable behavior from the respondents or mentioned the concept of barring the use of the statute of limitations defense as a result of inequitable behavior.   Wendt also does not persuade us that the circumstances here call for us to overlook forfeiture of an issue that required factual development in the circuit court.   Accordingly, we conclude that Wendt's equitable estoppel argument is forfeited and we do not address it.

**CONCLUSION**

¶30    For the foregoing reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.