# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1177 |
| COMPLETE TITLE: | John Doe 56, John Doe 57, a minor and Parents of John Does 56 and 57,<br>        Plaintiffs-Appellants-Petitioners,<br>    v.<br>Mayo Clinic Health System - Eau Claire Clinic, Inc., David A. Van de Loo, M.D., ProAssurance Casualty Co. and Injured Patients and Families Compensation Fund,<br>        Defendants-Respondents. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(Reported at 362 Wis. 2d 540, 885 N.W.2d 885)
(Ct. App. 2015 – Unpublished)

| | |
|---|---|
| OPINION FILED: | June 23, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 24, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Eau Claire |
| JUDGE: | Michael A. Schumacher |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | BRADLEY, A. W., J. and ABRAHAMSON, J. dissent (Opinion filed). |
| NOT PARTICIPATING: | |

ATTORNEYS:

    For the plaintiffs-appellants-petitioners, there were briefs by *Eric J. Magnuson* and *Robins Kaplan LLP*, Minneapolis, and *Russell D. Nicolet*, *Adam L. Nicolet,* and *Nicolet Law Office*, S.C., Hudson. Oral argument by *Eric J. Magnuson*.

    For the defendants-respondents David A. Van de Loo and ProAssurance Casualty Company, there was a brief by *Samuel J. Leib, Brent A. Simerson* and *Wilson Elser Moskowitz Edelman & Dicker, LLP*, Milwaukee, and oral argument by *Samuel J. Leib*.

For the defendant-respondent Injured Patients & Families Compensation Fund, there was a brief by *Jeremy T. Gill* and *Nash, Spindler, Grimstad & McCracken, LLP*, Manitowoc.

For the defendants-respondents Mayo Clinic Health System-Eau Claire Clinic, Inc. and ProAssurance Casualty Co., there was a brief by *Guy DuBeau*, *Timothy M. Barber,* and *Axley Brynelson, LLP*, Madison, and oral argument by *Guy DuBeau*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1177
(L.C. No. 13CV608 & 13CV13000)

STATE OF WISCONSIN        :        IN SUPREME COURT

**John Doe 56, John Doe 57, a minor and Parents of John Does 56 and 57,**

        **Plaintiffs-Appellants-Petitioners,**

    **v.**

**Mayo Clinic Health System - Eau Claire Clinic, Inc., David A. Van de Loo, M.D., ProAssurance Casualty Co. and Injured Patients and Families Compensation Fund,**

        **Defendants-Respondents.**

**FILED**

**JUN 23, 2016**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 REBECCA G. BRADLEY, J. Minors John Doe 56 and John Doe 57 appeal from the decision of the court of appeals,[1] which affirmed the circuit court's[2] dismissal of the Does' medical malpractice claims based on the statute of limitations. The

---

[1] John Doe 56 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc., No. 2014AP1177, unpublished slip op. (Wis. Ct. App. Apr. 1, 2015)(per curiam).

[2] The Honorable Michael A. Schumacher of Eau Claire County presided.

issue is whether the statute of limitations for medical malpractice claims, Wis. Stat. § 893.55(1m)(a) (2013-14),[3] bars this action. More specifically, this case involves a disagreement as to when the Does' claims for medical malpractice accrued. The circuit court and court of appeals determined that the Does' claims accrued on the last day Dr. David A. Van de Loo[4] performed the genital examinations during which the medical malpractice allegedly occurred. The Does contend their claims

---

[3] Wisconsin Stat. § 893.55, in pertinent part provides:

(1m) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

(a) Three years from the date of the injury, or

(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated. We cite to the most recent version of the statutes because no pertinent changes have been made.

[4] Dr. Van de Loo is no longer licensed to practice medicine in Wisconsin. We refer to him with the title "Dr." throughout the opinion because he was licensed at the time he rendered treatment to the Does in this medical malpractice case, and because the absence of his Wisconsin license to practice medicine does not change the fact that he obtained a medical degree.

for medical malpractice did not accrue until they learned in news reports that the State had charged Dr. Van de Loo with second-degree sexual assault of another boy for physically manipulating that boy's penis during a genital examination very similar to the Does' own examinations. The Does contend that this knowledge caused them to suffer extreme emotional distress and other psychological injuries because the boys then believed that Dr. Van De Loo sexually assaulted them under the guise of a genital examination. The Does are not arguing that the news reports caused them to discover that they had been injured during the genital examinations; rather, they are asserting that no injury had occurred, and therefore, their claims did not accrue, until they learned that Dr. Van de Loo's conduct during the genital examinations might have involved a criminal sexual assault.

¶2 At the outset, we address whether allegations of sexual assault during a medical examination may lawfully be pursued as a medical malpractice action. We are not convinced that victims who are sexually assaulted by their physician during an appointment can state an actionable claim for medical malpractice. See Deborah S.S. v. Yogesh N.G., 175 Wis. 2d 436, 499 N.W.2d 272 (Ct. App. 1993)(improper sexual conduct by a physician against a patient during a physical examination constitutes intentional conduct, not medical malpractice). Sexual assault is an intentional act and therefore should be pursued as an intentional tort in the civil arena or as a criminal matter, not under a claim of medical negligence. When

3

there exists, however, a legitimate medical purpose for a genital examination, a claim can fall within medical malpractice. See J.W. v. B.B., 2005 WI App 125, ¶10, 284 Wis. 2d 493, 700 N.W.2d 277 (digital-rectal prostate exams done as part of a pre-employment physical properly fell within medical malpractice where physician had a legitimate medical purpose or reason for the allegedly inappropriate touching).

¶3  In Deborah S.S., the patient underwent a neurological examination during which the physician touched her vagina, buttocks, and breast, and she felt the physician's penis become erect against her body. Id., 175 Wis. 2d at 439. The parties agreed the sexual acts "did not serve any medical reason related to the examination" and were therefore "not part of the medical treatment accorded to the patient." Id. at 443. Based on this agreement, it was clear that Deborah S.S. did not have an actionable medical malpractice claim because the sexual touching was unrelated to the neurological treatment. In J.W., like the instant case, this separation was not evident. The medical malpractice alleged in J.W. consisted of an unnecessary digital-rectal prostate examination as a part of a pre-employment physical. Id., ¶¶2, 9-11. The patients asserted these examinations were unnecessary and improper and may have been done for sexual rather than medical reasons. Id., ¶¶10-12. The J.W. court distinguished J.W. from Deborah S.S. because the J.W. plaintiffs did not "allege the physician touched them in places or in ways that served no medical purpose or reason, such that the prostate exams were not a part of the medical treatment the

physician provided." J.W., ¶10. In other words, because there was a medical purpose for conducting digital-rectal prostate exams, the alleged conduct was part of the medical treatment and the only issue was whether "performing digital-rectal prostate exams on healthy, twenty-five-year-old males during pre-employment physicals was 'unnecessary and improper treatment,' thus constituting medical malpractice." Id. (citation omitted). The J.W. court held that under these circumstances, J.W.'s case properly fell within medical malpractice.

¶4 The Does' case is more akin to J.W. than Deborah S.S. The Does alleged that the touching occurred during their medical treatment——during their annual examinations. The Does allege that Dr. Van de Loo asserts he had a legitimate medical purpose for manipulating the boys' penises during their genital examinations, and the Does claim that Dr. Van de Loo's "touching" during the medical examination was "unnecessary and improper treatment." These allegations could constitute an actionable medical malpractice claim. Northwest Gen. Hosp. v. Yee, 115 Wis. 2d 59, 61-62, 339 N.W.2d 583 (1983) (This court has held that "unnecessary and improper treatment [] constitute[s] malpractice.").

¶5 Further, this case comes to us following a motion to dismiss. Our review on a motion to dismiss requires us to accept the facts alleged in the pleadings as true. See Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205. The Does' pleadings allege both unnecessary and improper treatment and that Dr. Van de Loo

5

professes a medical reason for the manipulation of the Does' genitals. Accordingly, we cannot hold as a matter of law that no claim exists under medical malpractice law. We therefore analyze whether the circuit court properly dismissed the Does' medical malpractice claim based on the statute of limitations in Wis. Stat. § 893.55(1m)(a). To decide whether the statute of limitations bars the Does' medical malpractice claims, we must determine whether their claims accrued on the date Dr. Van de Loo last physically touched the Does during their genital examinations or whether accrual occurred when the Does learned that Dr. Van de Loo's genital examination may, in actuality, have constituted a criminal act.

¶6 We hold that the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the only moment at which a "physical injurious change" occurred. This is consistent with the "physical injurious change" test we use for determining accrual in medical malpractice cases. See Estate of Genrich v. OHIC Ins. Co., 2009 WI 67, ¶17, 318 Wis. 2d 553, 769 N.W.2d 481 ("[T]he determination of a 'physical injurious change' is the appropriate benchmark for establishing the date of 'injury' under Wis. Stat. § 893.55(1m)(a)."). The Does' last appointments with Dr. Van de Loo were December 31, 2008 for Doe 56 and December 31, 2009 for Doe 57. They did not file this medical malpractice action until October 2013, more than three years after each boy's last genital examination with Dr. Van de Loo. Accordingly, the Does' claims for medical malpractice are time-barred by the three-year medical

6

malpractice statute of limitations, Wis. Stat. § 893.55(1m)(a).[5] Therefore, the decision of the court of appeals is affirmed.

## I.  BACKGROUND

¶7    On October 9, 2013, John Doe 56, John Doe 57, and their parents filed suit against Dr. Van de Loo, Mayo Clinic Health System, ProAssurance Casualty Company and the Injured Patients and Families Compensation Fund alleging a variety of claims, including a claim for medical malpractice, which is the only claim involved in this appeal.[6]   The facts and any reasonable inferences derived therefrom are taken from the Does' complaint and are set forth below.

¶8    The complaint's first paragraph states that these boys "may have been the victim[s] of sex crimes."  From 2003 to 2008, Dr. Van de Loo served as Doe 56's primary care physician. During this timespan, while Doe 56 was 10 to 15 years old, he received medical treatment from Dr. Van de Loo that included Dr. Van de Loo touching Doe 56's genitals.  Doe 57 also received medical treatment from Dr. Van de Loo, including touching of Doe 57's genitals between 2003 to 2009 when Doe 57 was 8 to 14 years

---

[5] Although the Does argued the discovery rule in the circuit court, they abandoned this argument on appeal.  They do not argue that their claim was timely filed under Wis. Stat. § 893.55(1m)(b)'s one-year date-of-injury discovery rule, and therefore we analyze only when the Does' claim accrued under § 893.55(1m)(a).

[6] The Does' attorney vociferously emphasized during oral argument that the only claim being argued here is the claim for medical malpractice.

old. During the respective time periods, Dr. Van de Loo "inflicted harmful bodily contact" on the Does "on multiple occasions." As a result of this contact, the boys suffered "great pain of mind and body" and Dr. Van de Loo's actions "caused bodily harm." The Does do not provide specific dates for their examinations, but instead give only a year range.

¶9 The Does' complaint further alleges: Dr. Van de Loo "touched the genitals of additional minor male patients" and "did not wear gloves while he was performing examinations of minor male patients." The examinations included physical manipulation of the penis. Dr. Van de Loo asked parents to leave the room during the genital examination, leaving the doctor and the minor patient alone in the room.

¶10 In August 2012, a minor male patient reported that Dr. Van de Loo had touched his genitals during a physical examination and this led to criminal charges being filed against Dr. Van de Loo in October 2012 for "second[-]degree sexual assault by an employee of an entity and one for exposing genitals or pubic area." The State ultimately charged Dr. Van de Loo with 16 felony counts based on his conduct with male patients.[7] The Does allege that Dr. Van de Loo claimed his

---

[7] Dr. Van de Loo states in his brief that a jury acquitted him on 14 of the 16 criminal counts with which he was charged, and that the prosecutor agreed to dismiss the remaining two counts in exchange for Dr. Van de Loo's agreement to stop practicing medicine and surrender his medical license. This information, however, is not contained in the record.

genital examinations served a medical purpose in furtherance of professional medical services and denied that his conduct was criminal.

¶11 The Does assert they did not discover any damages until the October 2012 news report on the criminal case against Dr. Van de Loo. At that time, they discovered that Dr. Van de Loo's conduct caused them profound psychological damages.[8] The boys "now realize" they have suffered "and will continue to suffer great pain of mind and body, including, but not limited to: depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life."

¶12 The medical malpractice cause of action alleged Dr. Van de Loo "failed to exercise reasonable care and medical skill in . . . which he diagnosed, cared, treated and rendered medical services to Doe 56, including, but not limited to providing unnecessary and improper treatment."

¶13 The defendants filed motions to dismiss arguing the medical malpractice statute of limitations expired, barring the Does' claims based on medical malpractice.[9] The circuit court

---

[8] As noted, the Does are not arguing the discovery rule on appeal. The Does use the term "discover" not in the sense that they discovered that Dr. Van de Loo had injured them when he touched their genitals, but to argue that the October 2012 news about Dr. Van de Loo caused the actual injury.

[9] The circuit court decided additional motions to dismiss not pertinent here as this appeal involves only the Does' dismissal of their medical malpractice claims. The parties reported at oral argument that the Does' claim for sexual battery against Dr. Van de Loo survived all of the motions to dismiss and is still pending in the circuit court.

granted the motions to dismiss on statute of limitations grounds and the court of appeals affirmed. We granted the Does' petition for review.

## II. STANDARD OF REVIEW

¶14 This case involves the review of a motion to dismiss, which presents a question of law we review independently. Alberte v. Anew Health Care Servs. Inc., 2000 WI 7, ¶6, 232 Wis. 2d 587, 605 N.W.2d 515. A motion to dismiss tests the sufficiency of a complaint and will be upheld only when there are no conditions under which a plaintiff may recover. Kaloti Enters., Inc., 283 Wis. 2d 555, ¶11. Whether a plaintiff's complaint fails to state a claim is a question of law we review de novo. Id., ¶10. Moreover, in a review of a motion to dismiss, we construe the pleadings liberally and accept as true both the facts contained in the complaint and any reasonable inferences arising from those facts. Id., ¶11. The motion to dismiss here is based on whether the complaint was timely filed under the applicable statute of limitations, Wis. Stat. § 893.55(1m)(a). This involves the interpretation and application of a statute to an undisputed set of facts, which also presents a question of law we review de novo. Genrich, 318 Wis. 2d 553, ¶10. If a complaint is not timely filed, the claim is time-barred and dismissal will be upheld. See Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995).

¶15 In this case, whether the Does' medical malpractice claims were timely filed is dependent upon when their claim

10

accrued. Accrual dates in medical malpractice claims are based on the date of injury or, if applying the discovery rule, the date the injury was or should have been discovered. See Wis. Stat. § 893.55(1m).

### III. ANALYSIS

#### A. Medical Malpractice Statute of Limitations

¶16 Wisconsin Stat. § 893.55(1m)(a) provides:

(1m) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

(a) Three years from the date of the injury[.]

¶17 Courts are repeatedly asked to apply this statute to a particular set of facts to determine whether a medical malpractice claim was timely filed. Although every case is different, Wisconsin case law has over time developed a consistent test for determining the date of injury in medical malpractice claims under Wis. Stat. § 893.55(1m)(a): it is the date of the "physical injurious change." Genrich, 318 Wis. 2d 553, ¶17. This test has worked in a variety of factual scenarios and withstood the test of time. It was applied when the negligent conduct was a misdiagnosis, see Paul v. Skemp, 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860 (physical injurious change was when blood vessel ruptured); when the negligent conduct was a failed tubal ligation, see Fojut v. Stafl, 212 Wis. 2d 827, 569 N.W.2d 737 (Ct. App. 1997)(physical injurious change was the moment of conception), and when a foreign object

11

was left in the patient during surgery, see Genrich, 318 Wis. 2d 553 (physical injurious change was when a sponge was left inside a surgical patient).

¶18 Thus, we must determine when the physical injurious change occurred here. The Federal District Court for the Western District of Wisconsin recently decided this exact issue in Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 994-95 (W.D. Wis. 2015). Doe 52 involved similar allegations by another male, minor patient of Dr. Van de Loo. Doe 52 alleged a medical malpractice claim against Dr. Van de Loo based on "'unnecessary and improper [medical] treatment' in the form of inappropriate touching." Id. (citation omitted; brackets in original). Doe 52 had undergone the same genital examinations as the Does while a patient of Dr. Van de Loo. See id. at 990-91. Doe 52 made the same argument to the federal district court that the Does make here: that no injury occurred (and therefore no claim accrued) until he learned that the State was charging Dr. Van de Loo criminally for the genital examinations. Id. at 994. The Doe 52 court rejected this argument and held that Doe 52's claims accrued at the time Dr. Van de Loo last inappropriately touched Doe 52. Id. at 995-96. The Doe 52 court reasoned that because the malpractice alleged was unnecessary and improper treatment, specifically inappropriate touching, "the 'physical injurious change' plaintiff suffered was the touching, and any later emotional distress was an additional injury[.]" Id. at 996 (emphasis added). As a result, the Doe 52 court held that Doe 52's

12

claims, which were filed more than three years from the last genital examination, were time-barred by Wis. Stat. § 893.55(1m)(a). We agree with this analysis.[10]

¶19 In a medical malpractice claim based on unnecessary and improper treatment of inappropriate touching, the physical injurious change occurs at the time of the touching. These boys suffered an injury when Dr. Van de Loo physically touched their genitals in an allegedly inappropriate way. To hold otherwise runs contrary to existing case law and would defeat the purpose behind the medical malpractice statute of limitations that "prompt litigation ensures fairness." See Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund, 2000 WI 98, ¶¶51-54, 237 Wis. 2d 99, 613 N.W.2d 849.

¶20 The Does contend that there was no physical injurious change at the time of the allegedly inappropriate touching because they did not know at that time that the touching was wrongful. Therefore, the Does argue their cause of action could not have accrued at the time of the touching. Although we are sympathetic to this argument, we are not persuaded by it.

---

[10] The dissent criticizes our reliance on this federal case because a federal district court decision is not binding authority. See dissent, ¶45. Although it is true we are not bound by federal district court decisions, see State v. Mechtel, 176 Wis. 2d 87, 94, 499 N.W.2d 662 (1993), the opinion on which we rely is highly persuasive. It is a 2015 decision from the Western District of Wisconsin involving the same defendant as in this case——Dr. Van de Loo; it addresses the same unique circumstances presented here; and its analysis is reasonable, logical, and consistent with Wisconsin case law.

Expiration of the medical malpractice statute of limitations before a patient knows about the injury is unfortunately a consequence of the legislature's policy reasons for enacting the medical malpractice statute of limitations. See Aicher, 237 Wis. 2d 99, ¶¶2-6. In Aicher, a 13-year-old claimed she became blind in one eye as a result of alleged medical malpractice committed during an examination of Aicher when she was a newborn. Id., ¶2. We held her claim was time-barred by Wis. Stat. § 893.55. Id., ¶6. We explained that the medical malpractice statute of limitations was enacted to promote prompt litigation of claims, to put the alleged wrongdoer on notice to defend a claim within a specified time period, and to avoid stale or fraudulent claims "brought after memories have faded or evidence has been lost." Id., ¶27 (citation omitted). Sometimes Wis. Stat. § 893.55 expires before a patient knows an injury occurred:

> We see no distinction between closing the doors to the courtroom for claimants when an injury has not been discovered within a fixed period of time after some act or omission and closing the doors to the courtroom for a person whose injury has not yet occurred within a fixed period of time after some act or omission. The effect of extinguishing a remedy in court is the same. This court has concluded many times that the legislature may sever a person's claim by a statute of limitations or a statute of repose when the person has had no possibility of discovering the injury——when the person has been blameless in every respect. These decisions represent judicial deference to the stated policy of the legislature.

Aicher, 237 Wis. 2d 99, ¶50. The physical injurious change here occurred when Dr. Van de Loo allegedly inappropriately touched

14

the Does' genitals.  The fact the Does may not have known at the time that the touching was allegedly inappropriate or that the manipulation of their genitals constituted the physical injurious change does not change this fact.  See Fojut, 212 Wis. 2d at 831-32 (physical injurious change from negligent tubal ligation was moment of conception, a date the patient could not have known).

¶21  We are further not persuaded by the Does' claim that no physical injurious change occurred at all because Dr. Van de Loo's physical manipulation of their penises with his bare hands did not leave bruises, scrapes, or other physical damage.  Lack of a physical mark does not mean that no physical injury occurred under the circumstances here.  As the Does allege in their complaint:  Dr. Van de Loo's alleged inappropriate touching "caused bodily harm" and was "harmful bodily contact." The physical injurious change here was the alleged improper sexual manipulation of the penis, a physical action.  The boys' genitals were physically touched in an allegedly inappropriate sexual way, which had not occurred prior to Dr. Van de Loo's allegedly negligent conduct.  To conclude otherwise would result in a holding that a patient who is wrongfully touched in a sexual manner by his or her physician does not have an actionable claim after the improper touching unless the physician does physical damage to their genitals.

¶22  Further, accepting the Does' position that their claim did not accrue until they learned that Dr. Van de Loo was being charged criminally for similar genital examinations would result

15

in a limitless extension of the medical malpractice statute of limitations and change the causation connection in medical malpractice cases from the negligent act to a fortuitous event—here the media reporting about the criminal charges against Dr. Van de Loo.

¶23 In essence, the Does are asking us to conclude that they had no injury until they learned about the criminal charges against Dr. Van de Loo. Stated otherwise, learning about the criminal charges caused them to be injured for the first time. This would mean that if no patient had ever reported Dr. Van de Loo's genital examination as improper, or the State had declined to file criminal charges, or the media had not reported on the charges or the Does never saw the media reports, the Does would never have suffered an injury and their claim would never have accrued. The Does' position is not reasonable. The date of injury of a patient's medical malpractice claims cannot be tethered to whether or when the media reports on an allegedly criminal act, nor can it be dependent on whether another patient makes a report. A physician's actions either fall below the standard of care and cause injury or they do not. Knowledge that a physician is being charged criminally cannot be the causal factor in whether or not medical negligence results in injury. Moreover, adopting the Does' position could indefinitely extend the medical malpractice statute of limitations. Here, the news report about Dr. Van de Loo came only a few years after the Does' last examination, but what if the news report came 10 or 20 or 30 years after the last contact

16

with Dr. Van de Loo?  This would defeat the legislature's purpose for enacting Wis. Stat. § 893.55, see Aicher, 237 Wis. 2d 99, ¶¶22-27, 29-32, 50-51, 53-54, and would be unreasonable.  We will not interpret a statute in a way that renders it absurd or unreasonable.  See State v. Ziegler, 2012 WI 73, ¶43, 342 Wis. 2d 256, 816 N.W.2d 238.

¶24  Thus, we conclude that the Does' medical malpractice claims accrued on the date of the last genital examination.  It was on that date that each suffered the "physical injurious change" that triggered the start of the three-year statute of limitations.  The psychological injuries, caused by the knowledge that Dr. Van de Loo had been criminally charged for similar touching of other boys, constituted a subsequent injury from the same tortious act (the inappropriate touching).  This emotional manifestation based upon the previously completed physical injury (the improper touching of the boys' genitals during the physical examination) does not restart the running of the statute of limitations.  See Genrich, 318 Wis. 2d 553, ¶21 ("later injury arising from the same tortious act does not restart the running of the statute of limitations")(citations and quotation marks omitted).

¶25  The Does do not provide the specific date of the last genital examination in their complaint, but include only a year range.  The parties, however, agreed to use the last date of each calendar year from the last year in the range given.  For Doe 56, that date was December 31, 2008 and for Doe 57 that date was December 31, 2009.  Thus, the three-year statute of

17

limitations for Doe 56 expired December 31, 2011, and the three-year statute of limitations for Doe 57 expired December 31, 2012. Because the Does did not file their medical malpractice complaint until October 2013, their claims are time-barred by Wis. Stat. § 893.55(1m)(a). Accordingly, their complaints were properly dismissed and the decision of the court of appeals is affirmed.[11]

### B. Reliance on John BBB Doe v. Archdiocese of Milwaukee[12] in a medical malpractice case

¶26 John BBB Doe involved seven cases alleging that priests in the Milwaukee Archdiocese sexually assaulted the minor victims. Id., 212 Wis. 2d 312, 318, 565 N.W.2d 94 (1997). The issue involved determining the date on which the victims discovered or should have in the exercise of reasonable diligence discovered that the sexual abuse caused injury. Id. at 318-19. We held that a victim of this clergy sexual abuse either discovered or should have discovered "that he or she was

---

[11] This does not leave the Does without a remedy. Pursuant to Wis. Stat. § 893.587, the Does have claims for sexual assault that are not barred until they are 35 years old. See id. ("Sexual assault of a child; limitation. An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.") As explained in footnote 9, the Does' sexual battery claim is still pending.

[12] See John BBB Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 565 N.W.2d 94 (1997).

injured at the time of the alleged sexual assaults or by the last date of the alleged multiple assaults." Id.

¶27 The circuit court in this case applied John BBB Doe to Does 56 and 57's claims to conclude that both boys either discovered or should have discovered that they were injured on the date of the last inappropriate genital exam. The court of appeals in this case also applied John BBB Doe to conclude that the Does' negligence claims against Mayo Clinic accrued at the time of the touching. See John Doe 56 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc., No. 2014AP1177, unpublished slip op., ¶22 (Wis. Ct. App. Apr. 1, 2015)(per curiam). In this court, however, the Does are not making a discovery-rule argument. Thus, the John BBB Doe discovery-rule holding is not pertinent to our analysis. See id., 211 Wis. 2d at 318-19.[13]

## IV. CONCLUSION

¶28 We hold that the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the moment at which the "physical injurious change" occurred in this medical malpractice case. See Genrich, 318 Wis. 2d 553, ¶17.

---

[13] We are not convinced that John BBB Doe should apply to a medical malpractice case. There are significant differences between clergy-abuse cases and alleged sexual abuse in a medical malpractice case. Namely, there are medical reasons for a physician to touch a patient's genitals in the course of a legitimate physical examination. Although the line between an inappropriate sexual touching and a medically necessary touching of the body may not always be clear, a physician nevertheless is in a very different position than a priest or clergy-person. A priest or clergy-person has no legitimate reason to touch another person's genitals.

19

Dr. Van de Loo's last physical contact with the Does' genitals occurred when he manipulated each boys' penis in an allegedly inappropriate and unnecessary manner. The dates of the last genital examinations were December 31, 2008 for Doe 56 and December 31, 2009 for Doe 57. The Does did not file these medical malpractice claims until October 2013, more than three years after each Doe had his last genital examination. Accordingly, their medical malpractice claims are time-barred by the medical malpractice statute of limitations, Wis. Stat. § 893.55(1m)(a). Further, we see no reason to extend John BBB Doe to this medical malpractice case where the discovery rule is not an issue.[14]

---

[14] The dissent's analysis in support of its conclusion that the Does' case is most like Paul v. Skemp, 2001 WI 42, ¶20, 242 Wis. 2d 507, 625 N.W.2d 860, is illogical.

Paul was a misdiagnosis case, where the negligence was an omission leading to an injury that occurred two months after Paul was last seen. See Paul, 242 Wis. 2d 507, ¶2, ¶¶4-5. The physical injurious change did not occur at the same time as the negligent act, but the Pauls' lawsuit was filed within the five-year statute of repose. Id., ¶¶6, 12. The Does' case is not a misdiagnosis case, Dr. Van de Loo's alleged negligent act was the affirmative act of touching the boys' genitals (allegedly unnecessary and improper treatment) rather than an omission, and the Does' physical injurious change occurred at the time of the touching. Attempting to analogize the Does' case to a misdiagnosis case is simply wrong.

(continued)

20

The dissent's second point suggesting that this opinion creates a statute of repose not found in Wis. Stat. § 893.55(1m) is also unfounded.  The statute of repose issue raised by the dissent——and notably not by the parties——is unnecessary to resolve the case presented to us; therefore we do not address it.  The dissent's statements misconstrue an issue not before this court and warrant clarification.  In dicta, Paul raised the possibility that the date of injury under § 893.55(1m)(a) could potentially exceed the five-year statute of repose in § 893.55(1m)(b) and urged the legislature to resolve the potential conflict.  Paul, 242 Wis. 2d 507, ¶¶48-49.  The legislature has not taken up that request.  Isolated cases, relying on Paul's dicta, have held that the five-year statute of repose in § 893.55(1m) only applies to the discovery rule paragraph (b) and is inapplicable to paragraph (a).  See, e.g., Storm v. Legion Ins. Co., 2003 WI 120, ¶¶9-10, 265 Wis. 2d 169, 665 N.W.2d 353 (alleging medical malpractice against psychologists where hypnosis was used to recover memories of childhood sexual abuse that were later found to be untrue and allegedly led to patient developing multiple personality disorder; also involving tolling for mental illness); Forbes v. Stoeckl, 2007 WI App 151, ¶1, 303 Wis. 2d 425, 735 N.W.2d 536 (doctrine of continuous treatment in dental malpractice case applies, allowing claim timely made under Wis. Stat. § 893.55(1)(a) to include negligence that pre-dates the five-year repose limitation under (1)(b)).

Before Wis. Stat. § 893.55 was enacted, there was no discovery rule applicable to medical malpractice actions, see Claypool v. Levin, 209 Wis. 2d 284, 292-94, 562 N.W.2d 584 (1997), and medical malpractice claimants had to file suit within three years of their injury. See Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund, 2000 WI 98, ¶24, 237 Wis. 2d 99, 613 N.W.2d 849.  As cases arose where claimants did not discover their injuries until after three years had already passed, we urged the legislature to amend the statute of limitations because three years from the time of injury was "too short." Id. (citations omitted).  The legislature later enacted the current statute of limitations:

(1m) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider,
(continued)

21

*By the Court.*—The decision of the court of appeals is affirmed.

---

> regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a)  Three years from the date of the injury, or
>
> (b)  One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Wis. Stat. § 893.55.

Finally, we note the reasons the legislature enacted this statute of limitations (as well as the statute of repose):  to promote fair and prompt litigation, protect defendants from stale or fraudulent claims, and ensure claims are litigated before the truth is "obfuscated by death or disappearance of key witnesses, loss of evidence, and faded memories." Aicher, 237 Wis. 2d 99, ¶27.  Adopting the Does' argument in this case would eviscerate the three-year statute of limitations and flout the legislative policy choices on which it is based by effectively allowing a plaintiff to bring a medical malpractice claim whenever he chooses simply by alleging his emotional distress began even decades after the allegedly unnecessary and improper treatment occurred.

¶29 ANN WALSH BRADLEY, J. *(dissenting).* I agree with the majority that in this case "we cannot hold as a matter of law that no claim exists under medical malpractice law." Majority op., ¶5. The majority is correct that the Does' allegations against Dr. Van de Loo constitute actionable medical malpractice claims because the alleged conduct was part of the Does' medical treatment during their annual examinations. Majority op., ¶4.

¶30 Additionally, I agree that "the John BBB Doe discovery-rule holding is not pertinent to our analysis" because the Does are not making a discovery-rule argument. Majority op., ¶26 (citing John BBB Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 565 N.W.2d 94 (1997). Like the majority, I also am "not convinced that John BBB Doe should apply to a medical malpractice case." Majority op. n.12.

¶31 I write separately, however, because I disagree with the conclusion that the Does' claims for medical malpractice are time-barred by the three-year medical malpractice statute of limitations. Majority op., ¶6. The majority opinion suffers from two analytical missteps:

(1) It muddles Wisconsin's medical malpractice jurisprudence by failing to distinguish between cases in which injury and negligence occurred simultaneously and those in which the injury occurred after the negligence. As a result it erroneously concludes that

the Does' injuries occurred at the same time as the allegedly negligent medical examinations; and

(2) It conflates the statute of repose under Wis. Stat. § 893.55(1m)(b) with the statute of limitations for the Does' claims pursuant to Wis. Stat. § 893.55(1m)(a), thereby judicially creating a statute of repose that contravenes the plain language of the statute and our case law.

¶32 Contrary to the majority, I conclude that the Does' injuries did not occur simultaneously with the alleged negligence. Their claims accrued when they suffered severe emotional distress upon learning that they were the victims of child sexual assaults perpetrated by Dr. Van de Loo during their physical examinations. Thus, the Does' claims are not time-barred by the medical malpractice statute of limitations because the Does filed their claims within three years of the date they accrued. Accordingly, I respectfully dissent.

I

¶33 At issue in this case is whether the Does' claims accrued at the time of Dr. Van de Loo's allegedly negligent genital examinations or whether they accrued when the Does suffered severe emotional distress upon learning that they were the victims of child sexual assault.

¶34 The Does allege that Dr. Van de Loo committed medical malpractice when he sexually assaulted them under the guise of a genital examination. They were children at the time, as young as eight and ten years old, when Dr. Van de Loo performed some

2

of the examinations. Accordingly, they assert that they did not immediately understand that Dr. Van de Loo's conduct constituted sexual assault.

¶35 Rather, the Does contend that they realized Dr. Van de Loo's examinations were improper years later after learning that he had been criminally charged with sexual assault for conducting a sexually gratifying genital examination on another minor patient. The complaint against Dr. Van De Loo alleges they suffered physical injury in the form of severe emotional distress, including depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life, upon learning that they had been sexually assaulted by their trusted physician.[1]

¶36 The Does bring their medical malpractice claims against Dr. Van de Loo pursuant to Wis. Stat. § 893.55(1m)(a), which provides for a three-year statute of limitations from the date of the injury. Although the Does filed medical malpractice

---

[1] The majority acknowledges that the Does' suffered "psychological injuries," but asserts that their severe emotional distress constituted a subsequent injury to the "inappropriate touching." Majority op., ¶24; see also Bowen v. Lumbermens Mut. Cas. Co., 183 Wis. 2d 627, 632, 517 N.W.2d 432 (1994) ("[I]n a cause of action for negligent infliction of emotional distress the injury a plaintiff must prove is severe emotional distress; but the plaintiff need not prove physical manifestation of that distress."); see also Camp ex rel. Peterson v. Anderson, 2006 WI App 170, ¶21, 295 Wis. 2d 714, 721 N.W.2d 146 (Bowen recognizes direct claims for negligent infliction of emotional distress, as long as a plaintiff's claim satisfies the elements of negligent conduct, causation and injury (severe emotional distress) and is not otherwise barred by public policy.").

3

claims against Dr. Van de Loo more than three years after the date of their last examinations, they allege that their claims were filed within three years of the date they suffered alleged physical injury in the form of severe emotional distress.

¶37 Wisconsin's medical malpractice law provides for two alternative statutes of limitations depending on whether the plaintiff brings a claim under Wis. Stat. § 893.55(1m)(a) or (b). The former provides a three-year statute of limitations with no statute of repose and the latter sets forth Wisconsin's discovery of injury rule with a five-year statute of repose:

> [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Wis. Stat. § 893.55 (1m).

¶38 In this case, the Does do not allege that they discovered an existing injury years after it occurred. Consequently, they do not pursue a "discovery" claim under Wis. Stat. § 893.55(1m)(b). Rather, the Does assert that they did not suffer physical injury until they experienced severe emotional distress upon learning that they were victims of child sexual assault perpetrated by Dr. Van de Loo during their genital examinations.

4

II

¶39 The majority muddles Wisconsin's medical malpractice jurisprudence by failing to distinguish between cases in which injury and negligence occur simultaneously and those in which injury occurs after the negligent act, enabling it to assert that the Does' injuries occurred at the same time as the allegedly negligent medical examinations.

¶40 According to the majority, "Wisconsin case law has over time developed a consistent test for determining the date of injury in medical malpractice claims under Wis. Stat. § 893.55(1m)(a): it is the date of the 'physical injurious change.'" Majority op., ¶17 (quoting Estate of Genrich v. OHIC Ins. Co., 2009 WI 67, ¶17, 318 Wis. 2d 553, 769 N.W.2d 481). The majority concludes that "the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the only moment at which a 'physically injurious' change occurred." Majority op., ¶6.

¶41 Given the nature of the Does' claims, the application of the Genrich test appears to be an odd fit here. Even assuming that Genrich's physically injurious change test properly fits, its application merely begs the question: when did the Does' suffer a physical injurious change?

¶42 The majority conclusively states that touching constitutes a physically injurious change. Majority op., ¶19. But what's the change? The majority doesn't tell us.

¶43 Describing a touching as constituting a physical injurious change seems at odds also with common parlance. Does

5

it make sense to state as a matter of law that when there is a touching a physical injurious change occurs?  I don't think so.

¶44  It also does not make sense as a matter of good policy.  Will future cases deem a claim to be sufficiently stated if together with a negligent act all that need be alleged is that one was touched on the arm or the leg or some part of the torso?  Where is the stopping point?

¶45  Without giving the reader a clue about what changed or how it changed, the majority relies solely on a federal district court decision for its conclusion that the physically injurious change the plaintiff suffered occurred simultaneously to the allegedly negligent examination.  Majority op., ¶18 (citing Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 996 (W.D. Wis. 2015).  Although this court benefits from the analysis of a federal district court's interpretation of State law, it is not binding authority.  The majority's reliance on a sole federal district court decision is not an adequate substitute for its failure to apply the facts of this case to established Wisconsin precedent.

¶46  Because the majority completely fails to do so, I will first set forth the case law relevant to the Does' claims.  Under Wisconsin law, "[a] tort claim is not capable of enforcement until both a negligent act and an accompanying injury have occurred."  Paul v. Skemp, 2001 WI 42, ¶20, 242 Wis. 2d 507, 625 N.W.2d 860 (quoting Hansen v. A.H. Robins Inc., 113 Wis. 2d 550, 554, 335 N.W.2d 578 (1983).  Thus, it is not the

6

negligence, but the injury resulting from the negligent act that begins the three-year statute of limitations period. Id.

¶47 In Fojut v. Stafl, 212 Wis. 2d 827, 829, 569 N.W.2d 737 (Ct. App. 1997), the plaintiff underwent elective tubal litigation surgery in order to prevent pregnancy, but then became pregnant a few months later. At issue was whether Fojut suffered physical injury on the date of the surgery, which the parties agreed was the date of the alleged negligent act, or the later date of conception. Id. at 829-30.

¶48 Fojut concluded that the date of the injury triggering the three-year medical malpractice statute of limitations was the date of conception, rather than the date of the surgery. Id. at 830-31. The Fojut court explained that there was no evidence that the plaintiff suffered physical injury on the date the surgery was performed. Id. at 831. Instead, it determined that Fojut suffered physical injury on the date she became pregnant. Id. Thus, the three-year medical malpractice statute of limitations began to run from the later date of conception, rather than the date of the alleged negligent act. Id.

¶49 Similarly, in Paul, the plaintiffs claimed that the misdiagnosis of the cause of their daughter's recurring headaches resulted in a ruptured blood vessel in her brain, which caused her death. 242 Wis. 2d 507, ¶1. This court concluded that "[t]he Pauls' claim for medical malpractice did not, and could not, accrue until [their daughter] suffered an injury." Id., ¶2. The Paul court explained that "[a]

7

misdiagnosis may be a negligent omission, but it is not, in and of itself, an injury." Id.

¶50 Based on the plain language of Wis. Stat. § 893.55(1), Paul concluded that the legislature did not intend that "omission" and "injury" should be conflated. Id., ¶20. According to the Paul court, "[t]he plain language of Wis. Stat. § 893.55(1)(a) indicates that it is not the negligence, but the injury resulting from the negligent act or omission which initiates the limitations period."[2] Id. Paul explained that "[a]s our long-time precedent has established, the negligence and its result——and injury——should be considered separately. The negligence must cause an injury before there is an accrual of a claim." Id., ¶34 (citing Meracle v. Children's Serv. Soc'y, 149 Wis. 2d 19, 26, 437 N.W.2d 532 (1989)).

¶51 In contrast, in Genrich, the alleged negligence occurred when doctors left a sponge in Genrich's abdominal cavity after performing surgery. 318 Wis. 2d 553, ¶3. However, the surgical sponge in Genrich's abdomen was not discovered until approximately two weeks after the surgery when he developed a fatal infection. Id. This court concluded that Genrich experienced an injury triggering the statute of limitations when the doctors left the sponge in his abdomen on

---

[2] The majority attempts to explain away the import of Paul v. Skemp, 2001 WI 42, ¶20, 242 Wis. 2d 507, 625 N.W.2d 860. Majority op., ¶28 n.14. Yet, there is no explaining away Paul's clear conclusion cited above, which explicitly applies to both "negligent acts or omissions." Thus, the majority's attempt to distinguish Paul as a case addressing only an "omission" is a non-starter.

the date of the surgery. Id., ¶18. Thus, in Genrich, the negligence and the injury occurred simultaneously.

¶52 The Does' claims are more analogous to Fojut and Paul, than to Genrich. They do not allege that they were physically injured at the time of the examination. Instead, the Does argue that they were physically injured when they suffered severe emotional distress upon learning that they had been sexually assaulted by Dr. Van de Loo. As the Does' counsel explained at oral argument, there are no allegations in the complaint that the Does were physically different after Dr. Van de Loo's examination.

¶53 Despite the fact that the majority fails to apply the facts of this case to the law set forth in Wisconsin precedent, the majority summarily asserts that "[t]o hold otherwise runs contrary to existing case law. . . ." Majority op., ¶19. After applying the facts of this case to Wisconsin's well-established case law, I reach the opposite conclusion of the majority and determine that the Does' claims did not accrue until they suffered severe emotional distress upon learning that they were victims of child sexual assault perpetrated by Dr. Van de Loo during their physical examinations.

III

¶54 Not only does the majority muddle Wisconsin case law, its analysis of the statute of limitations conflates the statute of repose under Wis. Stat. § 893.55(1m)(b) with the statute of limitations for the Does' claims pursuant to Wis. Stat. § 893.55(1m)(a), thereby judicially creating a statute of repose

9

that contravenes the plain language of the statute and our case law.

¶55 The plain language of Wis. Stat. § 893.55(1m)(b) sets forth the one-year discovery statute of limitations together with a five-year statute of repose for plaintiffs who allege that they did not discover their injury at the time the negligence occurred:

> One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

¶56 In contrast, under Wis. Stat. § 893.55(1m)(a), there plainly is a three-year statute of limitations but no statute of repose. Storm v. Legion Ins. Co., 2003 WI 120, ¶19, 265 Wis. 2d 169, 665 N.W.2d 353 ("We conclude under a plain reading of § 893.55(1)(b) that the five-year repose period applies only to actions brought pursuant to the discovery rule in paragraph (b)); Forbes v. Stoeckl, 2007 WI App 151, ¶1, 303 Wis. 2d 425, 735 N.W.2d 536 (five-year statute of repose under Wis. Stat. § 893.55(1m)(b) does not apply to accrual claims brought under Wis. Stat. § 893.55(1m)(a)).[3]

---

[3] The majority embraces a two-pronged approach in an attempt to rebut the assertion that it is judicially creating a statute of repose that contravenes case law. Both prongs fail.

(continued)

¶57 The majority's discussion conflates the three-year statute of limitations applicable to the Does' claims with the five-year statute of repose applicable to discovery rule claims. It contends that "[s]ometimes Wis. Stat. § 893.55 expires before a patient knows an injury occurred . . . ." Majority op., ¶20. According to the majority, "[e]xpiration of the medical malpractice statute of limitations before a patient knows about the injury is unfortunately a consequence of the legislature's policy reasons for enacting the medical malpractice statue of limitations." Majority op., ¶20. However, the issue in this case is not whether the Does knew about their injuries, but when they were injured.

¶58 As set forth above, the Does argue that they were not injured and that therefore their claims did not accrue until they suffered severe emotional distress upon learning that they

---

First, the majority attempts to discredit clear Wisconsin Supreme Court precedent by labeling its conclusion as "dicta." Majority op., ¶28 n.14. As the court of last resort in this state, our conclusions cannot be dicta. State v. Picotte, 2003 WI 42, ¶61, 261 Wis. 2d 249, 661 N.W.2d 381; State v. Kruse, 101 Wis. 2d 387, 392, 305 N.W.2d 85 (1981); Chase v. American Cartage Co., 176 Wis. 235, 238, 186 N.W. 598 (1922) ("[W]hen a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a dictum, but is a judicial act of the court which it will thereafter recognize as a binding decision.").

Second, noting that the parties did not raise a statute of repose issue, the majority takes the dissent to task for discussing it. Admittedly, the parties did not raise a statute of repose issue—but the discussion and analysis of the majority opinion most certainly did. See, e.g., majority op., ¶20. Accordingly, I respond to that discussion and analysis.

11

had been victimized as children by the sexual assaults perpetrated by Dr. Loo. This is distinguishable from a claim brought under Wis. Stat. § 893.55(1m)(b), in which a plaintiff may bring a claim if an injury is not discovered at the time it occurs.

¶59 The majority acknowledges that "[t]he Does are not arguing that the news reports caused them to <u>discover</u> that they had been injured during the genital examinations; rather, they are asserting that no injury had occurred, and therefore, their claims did not accrue, until they learned that Dr. Van de Loo's conduct during the genital examinations might have involved a criminal sexual assault." Majority op., ¶1 (emphasis in original); <u>see also</u> Majority op., ¶11 n.8 ("The Does use the term 'discover' not in the sense that they discovered that Dr. Van de Loo had injured them when he touched their genitals, but to argue that the October 2012 news about Dr. Van de Loo <u>caused</u> the actual injury.") (emphasis in original).

¶60 Not only does the majority's analysis contravene the plain language of Wis. Stat. § 893.55, it also contravenes Wisconsin case law by failing to distinguish between cases addressing the discovery rule's statute of repose and cases addressing accrual claims such as the Does. Relying on <u>Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund</u>, 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, the majority asserts that "the legislature may sever a person's claim by a statute of limitations or a statute of repose when the person has had no possibility of discovering the injury . . . ." Majority op., ¶20

12

(citing Aicher, 237 Wis. 2d 99, ¶50). Remarkably, the majority fails to acknowledge that Aicher addressed a discovery claim brought under Wis. Stat. § 893.55(1m)(b), not an accrual claim like the Does' claims brought under Wis. Stat. § 893.55(1m)(a).

¶61 In contrast to the Does' case, the plaintiff in Aicher alleged that she became blind in her right eye as a result of medical negligence that occurred during her newborn examination, but that she did not discover the condition until a decade later. 237 Wis. 2d 99, ¶2. Aicher is also distinguishable from this case because the parties did not dispute that the condition resulted in an injury during the first six months of Aicher's life. Id.

¶62 The majority further asserts that "[t]he fact the Does may not have known at the time that the touching was allegedly inappropriate or that the manipulation of their genitals constituted the physical injurious change does not change this fact." Majority op., ¶20 (citing Fojut, 212 Wis. 2d at 831-32 for the proposition that "physical injurious change from negligent tubal ligation was moment of conception, a date the patient could not have known."). Again, the majority conflates the accrual rule set forth in Fojut, with the discovery rule set forth under Wis. Stat. § 893.55(1m)(a).

¶63 Neither Fojut nor Paul limit the time period within which a medical malpractice claim might accrue, yet the majority contends the opposite, thereby judicially creating a statute of repose for accrual claims. Although the plaintiff in Fojut became pregnant a few months after her surgery, it is just as

13

possible that she could have become pregnant years later. Likewise, in Paul, the failure to diagnose the patient's condition began nearly a decade before she passed away. 242 Wis. 2d 507, ¶3-4. This was a much longer period of time than the few years at issue in this case, yet the Paul court found that the plaintiff's claim did not accrue until she suffered actual physical injury. Id., ¶2.

¶64 As the Does' counsel aptly stated at oral argument, the legislature could have chosen to enact a statute of repose that applied to Wis. Stat. § 893.55(1m)(a), but it chose not to do so. Unlike the majority, I refuse to endorse a judicially created statute of repose that contravenes the plain language of the statute and well-established Wisconsin case law.

¶65 In sum, I conclude that the Does' injuries did not occur simultaneously with the alleged negligence. Their claims accrued when they suffered severe emotional distress upon learning that they were the victims of child sexual assaults perpetrated by Dr. Van de Loo during their physical examinations. Thus, the Does' claims are not time-barred by the medical malpractice statute of limitations because the Does' filed their claims within three years of the date they accrued. Accordingly, I respectfully dissent.

¶66 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.